IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDGAR CAICEDO as Administrator
of the ESTATE OF JOSE CAICEDO and
CHRISTINA CARTER as Administrator
of the ESTATE OF TIMOTHY CARTER

                Plaintiffs,

v.                                                Case No. 1:13-cv-00258-GRJ

FOOD FOR LIFE EXPERIENCE, INC. d/b/a
KRISHNA KITCHEN,

                Defendant.
_____,

## ORDER

Pending before the Court are: (1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 30); (2) Defendant's Motion to Quash Service of Process Or In The Alternative Supplemental Argument to Motion to Dismiss For Insufficient Service of Process (Doc. 33); (3) Plaintiffs' Motion for Extension of Time to Serve Defendant Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Doc. 52); (4) Plaintiffs' Motion to Strike Portions of the Defendant's Reply Memorandum and Affidavit of Nathan Coupal (Doc. 51); and (5) Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice For Failure to Perfect Service on Defendant Pursuant to 12(b)(5). (Doc. 57.) The parties have conducted limited discovery, Plaintiffs have filed a response to the motions to dismiss (Docs. 46) and with the Court's permission Defendant has filed a reply. (Doc. 50.) The motions are, therefore, ripe for review. For the reasons discussed below, Defendant's Motion to Dismiss and Motion to Quash are due to be denied, Plaintiffs' Motion to Strike is due to be denied, Plaintiffs' Motion for Extension of Time to

Serve Defendant is due to be denied as moot and Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice For Failure to Perfect Service on Defendant is due to be denied.

## I. BACKGROUND

This case was initiated by the estates of Jose Caicedo and Timothy Carter, passengers in a car driven by Elisha Drury. The matter is a wrongful death claim resulting from an automobile collision on January 31, 2012, in which all three occupants of the car died. Plaintiffs allege that Drury was acting within the course and scope of his agency with Defendant at the time of the crash, and that Drury negligently drove the vehicle into the path of a tractor-trailer, causing the collision. (Doc. 24.)

The initial Complaint was filed in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, (Doc. 1, Exh. 1), but was removed to this Court on December 30, 2013, based on diversity of citizenship. (Doc. 1.) Plaintiffs filed their First Amended Complaint on February 5, 2014. (Doc. 24.) On February 18, 2014 Defendant filed a Motion to Dismiss contending that the Amended Complaint should be dismissed for insufficiency of service of process, lack of personal jurisdiction and failure to state a cause of action upon which relief may be granted. (Doc. 30.) Defendant also filed a motion to quash service of process related to the Notice of Lawsuit and Request to Waive Service of a Summons form sent to Defendant's counsel. (Doc. 33.)

Following Defendant' s Motion for Protective Order, (Doc. 36) and Plaintiff's Opposition to Defendant's Motion for Protective Order (Doc. 38) the court authorized limited discovery on the issues of personal jurisdiction and sufficiency of process. (Docs. 39,40.) On April 25, 2014 Plaintiffs filed their Response to Defendant's Motion

to Dismiss, alleging that they had successfully served Defendant, that this Court has personal jurisdiction over the case, and that the venue is proper. (Doc. 46.)

## II.  DISCUSSION

### A.  Rule 12 (b)(5) Motion to Dismiss for Insufficient Service of Process

Following removal to federal court, Plaintiffs attempted service of process several times.  In February 2014, after Defendant filed its motion to dismiss, Plaintiffs attempted to serve Defendant at its registered office address and at the addresses of its officers, as listed on the Pennsylvania Department of State's Business Entity Filing History website. (Doc. 50-1)  The summons was returned unserved, as there was not an answer at any of the addresses. (Doc. 41.)

During Plaintiffs' deposition of James Rowlands – who was designated by Defendant as its representative pursuant to Federal Rule of Civil Procedure 30(b)(6) – Rowlands identified himself as Defendant's secretary and treasurer and Nathan Coupal as Defendant's President.  Following the deposition, on April 19, 2014, Plaintiffs served Coupal in Maryland and on April 25, 2014  Plaintiffs served Rowlands in Florida. (Docs. 46-2 and 47.)

Defendant challenges the sufficiency of service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Once the sufficiency of service is brought into question, Plaintiffs have the burden of proving proper service of process. *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp.2d 1273, 1277 (S.D. Fla.1999).  If the Plaintiffs can establish that service was proper, the burden shifts to the Defendant to "bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla.2009); see *O'Brien v. R.J. O'Brien*

*Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." *Id.*, at 3.

Under 28 U.S.C. § 1448, if a case is removed from state court to a district court and "one or more of the defendants has not been served with process or in which the service has not be perfected prior to removal, or in which process served proves to be defective, such process may be completed or new process issued in the same manner as in cases originally filed in such district court." Therefore, the court may determine the validity of Plaintiffs' service according to Rule 4(h), Fed. R. Civ. P.

Rule 4(h) provides that a corporation may be served either in the manner prescribed for an individual under Rule 4(e) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Service of process on an individual under 4(e) is governed by the state law of either the state where the district court is located or where service is made. Consequently, the rule provides for three means of service: (1) pursuant to 4(e) in accordance with the law of the state where the district court is located; (2) pursuant to 4(e) in accordance with the law of the state where service is made; or (3) pursuant to 4(h)(1)(B), by serving an officer, managing or general agent or other authorized agent of the corporation.

Defendant's argument in its Motion to Dismiss, focuses entirely upon the sufficiency of service of process *prior* to removal to federal court, and relies exclusively upon Fla. Stat. § 48.081 and Florida law as support for its argument that service was

defective.[1] Apparently recognizing that the original November 25, 2014 service on Scott Manley was insufficient, Plaintiffs instead focus upon service upon Nathan Coupal, effected after removal. According to Plaintiffs, Coupal is the President of Food for Life Experience and therefore service is proper either under Florida law or pursuant to Rule 4(h)(1)(B).  In addition to serving Coupal, Plaintiffs also served James Rowlands (Doc. 47), apparently as a back-up in the event service on Coupal was defective.

Defendant in its reply challenges service on both Coupal and on Rowlands arguing that because neither Coupal nor Rowlands are listed as officers on the Pennsylvania Department of State Business Entity Filing History, service on either of them as officers is defective.  In addition, Defendant points to a May 3, 2014 affidavit of Coupal ( a copy of which is attached to Defendant's reply) in which Coupal states that he is not the President of Food for Life Experience and that "James Rowlands is not officially appointed as a secretary or treasurer for Food for Life Experience or a member of the board of directors *as no proper designation or protocol has taken place as of this date, and no filings have been made*."  (Doc. 50, Ex. B. emphasis added.)

There are two fundamental problems with Defendant's arguments. First – and most importantly – Defendant produced James Rowlands as its 30(b)(6) representative for deposition. As the 30(b)(6) representative the testimony of the witness is binding on the corporation and serves as a party admission. Mr. Rowlands as the representative for the Defendant corporation testified under oath that for the past three years he has

---

[1] On November 25, 2014 Plaintiffs served Scott Manley, an individual who received Defendant's mail at his home in Pittsburgh, PA.

been the Treasurer/Secretary for Food For Life Experience. Further, Mr. Rowlands testified that Nathan Coupal has been the President of Food For Life since 2014 and that both he and Mr. Coupal are the current directors of Food for Life. Mr. Rowlands readily admitted that the corporation had not informed the State of Pennsylvania that he, Mr. Coupal and another individual are the current directors of Food for Life. The deposition was taken on April 3, 2014. In reliance upon the sworn testimony of Defendant's own corporate representative, Plaintiffs served James Rowlands on April 14, 2014 at an address in Alachua, Florida and served Nathan Coupal on April 19, 2014 at an address in Silver Springs, Maryland. Thus, Plaintiffs in reliance upon the sworn position of the Defendant corporation served not one, but two, directors and officers of the corporation. As such, service of process is sufficient under Rule 4(h)(1)(B) because service was made on an officer, managing or general agent or other authorized agent of the corporation.  Under normal circumstances that would end the inquiry.

   Defendant, however, says that service was defective because neither Rowlands nor Coupal are currently listed as officers on the website for the Pennsylvania Department of State Business Entity Filing History. Reference to the Pennsylvania Department of State website is insufficient to rebut the sworn testimony of Defendant's own corporate representative. Mr. Rowlands readily admitted at his deposition that nobody had informed the Pennsylvania Department of State of the change in directors. This statement is confirmed by examining the listing from the website of the Pennsylvania Department of State, filed by Defendant, which notably still lists Elisha Drury as a director. Elisha Drury of course is one of the deceased occupants of the vehicle involved in the crash in this case and has been dead since January 2012. The

listing, filed by Defendant, therefore demonstrates nothing more than the fact that the Defendant has not updated its listing since sometime before January 2012.

In addition, the listing from the website only lists director's names and one officer, a secretary. There is no listing for the President or Treasurer and thus nothing in this listing contradicts the testimony of the corporate representative that he is the Treasurer and that Mr. Coupal is the President. And because the listing continues to list at least one director, who has been deceased since 2012, the listing does nothing to contradict Mr. Rowlands testimony that he and Mr. Coupal became directors in 2014.

As a last ditch effort to challenge service on Rowlands and Coupal, Defendant has filed an affidavit of Mr. Coupal. Mr. Coupal denies that he is the President or an officer of Food for Life. He further states that Mr. Rowlands is not "officially appointed as a secretary or treasurer for Food For Life Experience or a member of the board of directors as no proper designation or protocol has taken place as of this date, and no filings have been made." Liberally construed the most the affidavit demonstrates is that Mr. Coupal is not the President or an officer of Food for Life. The affidavit is insufficient, however, to rebut the sworn position of the Defendant that Mr. Rowlands is an officer and director of Food for Life.

In addition to the fact that service of process was effected on two individuals – who the Defendant corporation represented in a 30(b)(6) deposition were officers and directors of the corporation (even though the listing was not formally changed) – the Defendant did not have any individuals located at its registered address upon whom service of process could be made. A corporation cannot avoid service of process by failing to formally change the public listing of its officers, failing to have any

representatives present during required business hours upon whom service of process can be made, and then after providing the names of the officers and directors in a Rule 30(b)(6) deposition, challenge the sufficiency of service of process on the grounds that service was not made on the outdated (and deceased) directors listed on the public website.  To accept Defendant's argument would ignore the purpose and effect of a Rule 30(b)(6) deposition. In a Rule 30(b)(6) deposition the person designated by the corporation "presents the corporation's 'position' on the topic [and] .... testifies on behalf of the corporation and holds it accountable accordingly." *Hyde v Stanley Tools*, 107 F. Supp. 2d 992, 993 (E.D. La. 2000).

Moreover, to accept Defendant's argument essentially would insulate a corporation from ever being served validly with process. All that a corporation would have to do to avoid ever being served is not to change the listing of officers and directors and insure that there was never an individual located at the official corporate address. That is essentially what the Defendant has done in this case.  It follows that in the apparent absence of any other officer or agent, Plaintiffs did not have any option other than to serve Rowlands and Coupal.  *See, Valmont Industries, Inc. v. Susie's Structures, Inc.,* no. 5:08-cv-81-Oc-10GRJ,  2009 WL 111465, at *3  (M.D. Fla. Jan. 14, 2009).

Accordingly, for these reasons, the Court concludes that at a minimum, Plaintiffs' service on  Defendant, through Rowlands, was perfected in accordance with Rule

4(h)(1(B) and, therefore, Defendant's motion to dismiss for insufficiency of service of process is denied.[2]

### B. Rule 12(b)(4) Motion to Dismiss for Insufficient Process

Defendant also argues in its Reply that the returns of service for Rowlands and Coupal are defective because the returns of service do not state the capacity in which Rowlands and Coupal were served. The returns of service show that although each was addressed to Food For Life Experience, Inc d/b/a Krishna Kitchen, the individuals were listed as recipients, without listing a specific relationship to Defendant.

Defendant's argument fails because federal, and not Florida law applies, and under federal law defects in proofs of service do not effect the validity of service. Pursuant to Rule 4(l)(3) "[F]ailure to prove service does not affect the validity of service." Thus, this provision prevents a defendant who has been properly served from attacking the validity of service on the technical ground of the process server's failure to make return in timely fashion or because the return is deficient. *See.* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1130 (3d ed. 2010); *Colony Insurance Co. v. Ropers of Hattiesburg, LLC.,* no. 2:11-cv3KS-MTP, 2011 WL 1226095, at * 4-5 (S.D. Miss. March 29, 2011)(denying motion to dismiss because of lack of prejudice where two proofs of service contained misnomers).

---

[2] Because Plaintiffs have not advanced the argument that service of process was effected through mailing to Defendant's counsel of the Notice of Lawsuit and Request to Waive Service of a Summons, Defendant's Motion to Quash Service of Process (Doc. 33) is due be denied. Further, because the Court concludes that Plaintiffs perfected service of process on Defendant, Plaintiffs' Motion for Extension of Time to Serve Defendant Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Doc. 52) is due to be denied as moot and Defendant's recently filed Motion to Dismiss Plaintiff's Complaint With Prejudice For Failure to Perfect Service on Defendant Pursuant to Rule 12(b)(5) (Doc. 57) is due to be denied.

While compliance with Rule 4 is required, insubstantial noncompliance with Rule 4 will not always require dismissal, particularly where, as here, the necessary parties have received notice of the suit and they have not been prejudiced by the defect in service. *Sanderford v. Prudential Insurance Company of America,* 902 F.2d 897, 901 (11th Cir.1990), *see also McCreary v. Vaughan-Basset Furniture Co, Inc* ,412 F. Supp. 2d 535 (M.D. N.C. 2005).

In this case Defendant has shown no evidence that it has been prejudiced by the technical defect in service, and given that James Rowlands was named the Rule 30(b)(6) deponent for Defendant, it is unlikely that they did not receive notice of the suit.

Lastly, the Florida cases relied upon by Defendant, *Sunseeker Intern. Ltd. v. Devers*, 50 So. 3d 715 (Fla. Dist. Ct. App. 2010) and *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.,* 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 1980), provide no support for quashing service. First, as discussed above, federal and not Florida law controls the issue of whether the defects in the returns of service warrant dismissal. Secondly, both *Sunseeker* and *Dade Erection Services* are completely inapposite to this case because the courts there dealt with the issue of compliance with the requirements of Florida law for serving a corporation. Neither case deals with the issue in this case of whether a technical defect in the return of service under federal law mandates quashing service.

Accordingly, for these reasons, Defendant's Rule 12(b)(4) motion to dismiss for insufficient process is denied.

### C. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

Defendant also requests dismissal of the case on the grounds that the Court lacks personal jurisdiction over the Defendant.

Plaintiffs initially must establish a *prima facie* case of personal jurisdiction over a nonresident defendant. "A *prima facie* case is established if the plaintiffs present sufficient evidence to defeat a motion for a directed verdict." *Cable/Home Communication Corp. v. Network Prods., Inc.* 902 F.2d 829, 855 (11th Cir. 1990) (quoting *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988)). The burden then shifts to the defendant to file affidavits containing allegations that, if taken as true, show that the defendant's conduct does not make him or her amenable to service. *Acquadro v .Bergeron*, 851 So.2d 665, 672 (Fla. 2003). Where a defendant submits such affidavits, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction -- unless the affidavits contain only cursory assertions that the defendant is not subject to jurisdiction. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Id*.

In determining whether the court has personal jurisdiction over a nonresident defendant the court employs a two-part analysis. *Horizon Aggressive Growth v. Rothstein-Kass*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the court must determine if jurisdiction can be obtained over the defendants under Florida's long-arm statute. *Id.* If so, the court must then decide whether the nonresident defendants have sufficient "minimum contacts" with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *Id.* Even if jurisdiction

is found under Florida's long-arm statute, a separate review of the facts must be undertaken by the court to determine if the constitutional test is met. *Cable/Home Communication,* 902 F.2d at 856 (quoting *Venetian Salami Co. V. Parthenais*, 554 So.2d 499, 500 (Fla. 1989)).

### 1.  Florida's Long-Arm Statute

Because Florida law dictates the reach of the long-arm statute, this Court must interpret it in the same way that the Florida Supreme Court would. *Horizon Aggressive Growth*, 421 F.3d at 1167. Therefore, this Court must strictly construe the statute, *Madara* v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). Additionally, Plaintiffs bear the burden of proving the facts which make the long arm statute applicable to the Defendants. *Restorative Prods., Inc. v. Mmar Med. Group, Inc.*, No. 94-1920 CIV-T-17A, 1995 U.S. Dist. LEXIS 18695, at *5 (M.D. Fla. Oct. 18, 1995); *Bloom v. A. H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981)

Florida's long-arm statute provides for two types of personal jurisdiction: specific jurisdiction under Fla. Stat. § 48.193(1), which is available when a party's contacts with the forum relate to the cause of action and general jurisdiction under § 48.193(2), Fla. Stat., which is available when a party's contacts are unrelated to the litigation, but nonetheless are "continuous and systematic," such as owning property, running a business, or maintaining a bank account.

In this case, Plaintiffs allege that this Court has specific jurisdiction over Defendant under §48.193(1)(a)(2), which allows for jurisdiction over a non-resident who commits a tortious act within Florida. According to Plaintiffs, Defendant, through Drury,

its agent, committed a tortious act, wrongful death, within this state. (Doc. 24, ¶1.)[3] Plaintiffs allege that at the time of the accident, Drury was traveling and soliciting donations on behalf of Defendant, as its agent. (Doc. 24, ¶¶ 5-8.) Plaintiffs support this allegation with the deposition of James Rowlands, who stated that at the time of the car accident, with respect to Defendant, Drury was "doing everything. He was the main person making everything happen." Additionally he describes Drury's actions on behalf of Defendant[4], and his deposition supports Plaintiffs' allegation that, on the day of the accident, Drury was returning from fund raising operations on behalf of Defendant. (Doc 46-1 pg. 5.)

Defendant attempts to rebut Plaintiffs personal jurisdiction argument with allegations from an earlier affidavit of Rowlands. However, the affidavit does not contradict any of the information provided by Plaintiffs. (Doc. 30-1). At best the affidavit only provides information that would rebut an allegation of specific jurisdiction based upon Fla Stat. § 48.193(1)(a)(1) -- the operation of a business venture in Florida.[5] That provision of the Florida long arm statute, however, is not the basis for jurisdiction alleged by Plaintiffs.

---

[3] Plaintiffs' jurisdictional claim is based on Fla. Stat. § 48.193 (1)(a)(2), the commission of a tort in Florida. Defendant's arguments concerning the Florida long arm statute focus primarily on whether or not Defendant operated a business in the state (Doc. 30, p. 10-11) described in § 48.196(1)(a)(1). Therefore, Defendant's reliance on *Design-Build Concepts Inc. V. Jenkins Brick Company*, 2008 WL 686150 (N.D. Fla. 2008) is misplaced.

[4] In his deposition, Rowlands states that Drury, on behalf of Defendant, engaged in fund raising and food distribution all over the country. According to Rowlands, in January 2012, Drury came to Florida to raise funds at concerts in Miami and Jacksonville. (Doc. 46-1 p. 5.)

[5] In the affidavit, Rowlands states that Defendant is a Pennsylvania corporation, maintains a primary office in Pennsylvania, has only one employee, and does not own property, lease property, have employees, file tax returns or have systematic business contacts in Florida.

With regard to the tortious act provision of the Florida long arm while Defendant "vehemently denies" that Drury had agency status, Defendant fails to provide any testimony or evidence supporting its denial. Further, according to Defendant, even if Drury was acting as an agent of Food For Life Experience, he was acting outside of the course and scope of his agency when the accident occurred. (Doc. 50.) The problem with this argument is that, other than Defendant's bare statement, Defendant has not supplied any evidence rebutting Plaintiffs' allegation that Drury was acting as an agent or rebutting Rowland's statement that Drury was in Florida fund raising for Defendant.[6]

In sum, Plaintiffs, in their amended complaint and in their response to the motion to dismiss, have alleged facts demonstrating that Defendant, through its agent, committed a tortious act in the state, and have established a prima facie case that the conduct of Defendant, through Drury, falls within the ambit of Florida's Long Arm Statute §48.193(1)(a)(2).

## 2. Minimum Contacts to Satisfy Due Process

In addition to establishing that the claim in this case falls within Florida's Long Arm Statute, the court must determine if Defendant has sufficient minimum contacts with the forum to satisfy the due process requirement of the Fourteenth Amendment of the Constitution, so that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co v. Washington,* 326 U.S. 310, 316 (1945).

---

[6] Whether or not Drury was acting as an agent of Defendant, or whether his actions were within the scope of that agency are factual matters to be resolved in this case by the trier of fact. For jurisdictional purposes, however, Plaintiff is only required to provide some evidence to establish a prima facie case.

14

In the Eleventh Circuit, courts use a three part test to determine whether there are sufficient minimum contacts between Defendant and the jurisdiction. First, a plaintiff must establish that the contacts are related to the plaintiff's cause of action. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1220 (11th Cir 1999). Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activity in the jurisdiction. *Id.* Third, a defendant's contacts should be such that defendant reasonably should anticipate being haled into court. *Id.*

Turning to the first part of the test, the Plaintiffs have alleged that Defendant has contacts with Florida related to the automobile accident in Florida. As evidenced by the affidavit of Rowlands, Drury, as Defendant's agent, traveled in Florida in order to raise funds and distribute food. That travel within Florida, on behalf of Defendant, is directly related to the wrongful death claim.

Second, the Plaintiffs have demonstrated actions by Defendant that suggest it purposefully availed itself of the privilege of conducting activity in Florida. Plaintiffs have provided evidence that Defendant, through its agent, identified and attended concerts in both Jacksonville and Miami for the purpose of fund raising, and food and information distribution. Additionally, Defendant, through its agent, used the roads in Florida to travel to the concerts in the various cities in Florida in which Drury was conducting fund raising for the Defendant.

Third, given Rowland's testimony that Defendant sent its agent to raise funds and drive throughout the state of Florida, Defendant cannot be surprised at being haled

into court here when the actions of the agent result in an accident and the death of three people.

Defendant in its notice of supplemental authority, relies upon *Marina Dodge, Inc. v. Quinn*, 134 So.3d 1103 (Fla. Dist. Ct. App. 2014) as support for its argument that the Defendant does not have sufficient minimum contacts with Florida. *Marina Dodge*, however, is different from this case. In *Marina Dodge* the court found that minimum contacts had not been established in a negligence case involving an out of state car dealer and a Florida resident. Notably, there, the tortious act occurred outside of the state, and not in the state, and the defendant's contacts were not related to the tortious act. In contrast the claim in this case concerns the commission of a tort in this state by an out of state defendant and, thus, because defendant committed the tort in Florida, its contacts with the state are directly related to the lawsuit.

For all of these reasons, the Court finds that the exercise of personal jurisdiction over Defendant does not violate the due process requirements of the Fourteenth Amendment of the Constitution and that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Accordingly, Defendant's Motion To Dismiss for Lack of Personal Jurisdiction is due to be denied.[7]

### D.  Rule 12(b)(3) Motion to Dismiss for Improper Venue

Defendant also argues that because the court does not have personal jurisdiction over Defendant, pursuant to Rule 12(b)(3), the Court should dismiss the case for improper venue. (Doc. 30, pp. 20-22.)

---

[7] Because the Court has considered the arguments in Defendant's Reply Memorandum, Plaintiff's Motion to Strike Portions of the Defendant's Reply Memorandum and Affidavit of Nathan Coupal (Doc. 51) is denied.

Pursuant to 28 U.S.C. § 1391(b)(1), which governs venue, "a civil action may be brought in a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located." Section 1391(c)(2) states that for venue purposes, corporations are deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Accordingly, because Defendant is subject to the personal jurisdiction in this district, the Defendant is considered a resident of this district for venue purposes and, therefore, venue is appropriate. Defendant's motion to dismiss for improper venue, pursuant to Rule12(b)(3) therefore is due to be denied.

### E.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon which Relief May Be Granted

Finally, Defendant alleges that Plaintiffs have failed to allege the existence of the elements of an agency relationship between Elisha Drury and Defendant and, therefore, the complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted.

When ruling on a motion to dismiss for failure to state a claim, the court must view the complaint in the light most favorable to the plaintiff.  And in reviewing the complaint to determine whether it states a cause of action upon which relief may be granted the court must also "1) eliminate any allegations in the complaint that are merely legal conclusions... and 2) where there are well pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Group*, 650 F.3rd 1283, 1290 (11th Cir. 2010), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct 1937, 1950 (2009). The

Supreme Court's formulation of the pleading specificity standard means that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Watts v. Florida Intern. University*, 495 F.3d 1289 (11th Cir .2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, (2007).

Defendant urges the court to dismiss the complaint because in order to bring a wrongful death suit against Defendant, Plaintiffs must show an agency relationship between Drury and Defendant. Defendant says that the complaint lacks the elements required to allege the existence of an agency relationship between Drury and Defendant. (Doc. 30, p 22-23.) "Essential to the existence of an actual agency relationship is (1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." *Goldschmidt v. Holman*, 571 So.2d 422 (Fla.1990).

Viewing the facts alleged by Plaintiffs in the Amended Complaint, Plaintiffs allege that Drury was a volunteer and officer of Defendant; he wore Food for Life Experience identification while raising funds and distributing food; and Defendant had the authority to control Drury's movement and expenditures. (Doc. 24, ¶ 4.) These facts, taken as true, and viewed in the light most favorable to the Plaintiff, support the existence of the agency relationship between Defendant and Drury, and amount to more than a mere recitation of the legal conclusion that Drury was Defendant's agent. While the facts alleged in the amended complaint may prove to be no more than a suggestion of an agency relationship, at this stage in the proceedings those facts are more than sufficient to allege a plausible claim that Drury was acting as the agent for Defendant.

Accordingly, the Court concludes that Plaintiffs' First Amended Complaint contains sufficient allegations to demonstrate an agency relationship between Drury and Defendant and therefore sufficient facts to allege a wrongful death claim against the Defendant. Defendant's Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted is, therefore, due to be denied.

### III.  CONCLUSION

Accordingly, upon due consideration, and for the reasons discussed above, it is **ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 30) is **DENIED**.

2. Defendant's Motion to Quash Service of Process Or In The Alternative Supplemental Argument to Motion to Dismiss For Insufficient Service of Process (Doc. 33) is **DENIED**.

3. Plaintiffs' Motion for Extension of Time to Serve Defendant Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Doc. 52) is **DENIED as moot**.

4. Plaintiffs' Motion to Strike Portions of the Defendant's Reply Memorandum and Affidavit of Nathan Coupal (Doc. 51) is **DENIED**.

5. Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice For Failure to Perfect Service on Defendant Pursuant to 12(b)(5) (Doc. 57) is **DENIED**.

**DONE AND ORDERED** at Gainesville, Florida this 2nd day of July 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge